UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WOODARD, | No. C 08-2765 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| CHRISTOPHER CRUZ, community manager for BOP, | |
| Respondent. | |

## INTRODUCTION

Marvin Woodard, formerly a resident at the Cornell Corrections Facility in San Francisco, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is now before the court for review.

## BACKGROUND

Woodard states in his petition that he was convicted of conspiracy to possess a controlled substance with the intent to distribute and was sentenced to 120 months in prison. As he neared the end of his sentence, he was transferred to Cornell Corrections Facility in San Francisco, a community corrections center ("CCC"), commonly referred to as a halfway house. As a resident at a CCC, Woodard is covered by the Bureau of Prison's Program Statement 7310.04. According to Woodard, Program Statement 7310.04 requires that inmates at a CCC must pay a subsistence charge of 25% of their gross income, not to exceed the average daily cost of their CCC placements, to help defray the cost of their confinement.

**DISCUSSION**

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

Woodard's petition challenges the lawfulness of the execution of his sentence in this district. He contends that it is improper for the BOP or CCC to impose the 25% subsistence charge on him because his judgment of commitment did not address the subsistence charge. He further contends that the BOP violated the Administrative Procedures Act in promulgating Program Statement 7310.04. Liberally construed, Woodard's claims are not patently frivolous and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, upon respondent, respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The Clerk also shall serve a copy of this order upon petitioner.

3. Respondent must file and serve upon petitioner no later than **May 29, 2009**, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all documents that are relevant to a determination of the issues presented in the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse and serving it upon respondent no later than **July 2, 2009**.

IT IS SO ORDERED.

DATED: March 13, 2009

                                            SUSAN ILLSTON
                                   United States District Judge