1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

11  MARVIN WOODARD,                           No. C 08-2765 SI (pr)

12          Petitioner,                       **ORDER OF DISMISSAL**

13      v.

14  CHRISTOPHER CRUZ, community
    manager for BOP,
15
            Respondent.
16  _____/

17

18                           **INTRODUCTION**

19          This is a habeas case filed under 28 U.S.C. § 2241 by Marvin Woodard. Woodard was
20  a federal prisoner living in a halfway house in San Francisco at the time he filed the petition; he
21  had been convicted of conspiracy to possess a controlled substance with intent to distribute. *See*
22  21 U.S.C. § 846. Woodward challenges deductions from his earnings made by the operators of
23  the halfway house, deductions made pursuant to a Bureau of Prisons policy. In his answer,
24  Respondent contends that the petition is moot, that Woodward's claim cannot be brought in
25  habeas, that he has not exhausted his administrative remedies, and that making the deductions
26  from Woodward's earnings did not violate the Constitution or federal law.
27          The case will be dismissed as moot.
28

**BACKGROUND**

On April 21, 2003, Woodward was sentenced to a prison term of 120 months, and five years of supervised release, by Judge Lowell Jensen of this court. (Decl. Beakey, Ex. 1 (BOP inmate data printout) at 2-3.) On December 17, 2007, he was transferred to a halfway house in San Francisco. (Id. at 1.) This petition was filed on June 3, 2008, when he was still housed at the halfway house; he was released to home confinement on June 6, 2008, and released altogether on June 11, 2008. (Id.)

**JURISDICTION**

Respondent contends that the petition is moot because Woodward is no longer housed at the halfway house and has been released from custody.

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." Alvarez v. Smith, 130 S. Ct. 576, 580-81 (2009) (citations omitted).

The habeas petition here does not attack the fact of Woodward's confinement or the length of it, the usual target of habeas petitions. Instead, he challenges the legality of the deduction of twenty-five percent of his gross earnings while housed at the halfway house. This money was deducted pursuant to the Bureau of Prisons' Program Statement 7300.09, to partially offset the cost of his incarceration. The relief he requests in the petition is that Program Statement 7300.09 be "ruled invalid," that the money deducted form his earnings be returned to

him, and that he be granted any other relief to which he may be entitled.[1]  (Pet. at 7.)

Woodward no longer is at the halfway house, or even in custody, so he is not now suffering any effects from the allegedly-illegal policy, the very definition of "moot."  And although he does ask for damages of the amount withheld, damages are not available in a habeas case.  See Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir. 1992) (habeas corpus not available remedy for damages claims) (citing Wolff v. McDonnell, 418 U.S. 539, 554 (1974)).[2]  Because Woodward is no longer suffering, or threatened with, an actual injury, nor is the injury he has already suffered redressable in this habeas action, the case is moot and the court lacks jurisdiction.  The case must be dismissed.

**CONCLUSION**

For the foregoing reasons, the case is dismissed for lack of jurisdiction.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 26, 2010

_____
SUSAN ILLSTON
United States District Judge

---

[1] He also asks that the court find that the company running the halfway house "is running a program that is discriminatory to certain groups of inmates," and that the Program Statement conflicts with two statutes.  (Id.)  Presumably these are steps preliminary to the court holding that the Program Statement is invalid, and thus the court has not listed them here as separate types of relief.  And even if they were treated as requests for relief, they would not prevent mootness.  They would be requests for an abstract ruling on the meaning of a law, unconnected to any concrete actual or threatened harm, see Alvarez, 130 S. Ct. at 580-81, and thus not sufficient to generate a case or controversy.

[2] In some circumstances a court can treat a habeas case as if it were a civil rights case brought under Section 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  Here, however, as Respondent points out, Woodward has not exhausted his administrative remedies.  Exhaustion is a prerequisite for filing a Section 1983 case.  42 U.S.C. § 1997e(a).  Exhaustion after commencing the case does not count, so if this case were treated as a civil rights case, Woodward could not prevent dismissal by exhausting now.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The consequence is that treating this as a civil rights case would be futile; it would just have to be dismissed for failure to exhaust.